# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JAVON WEBSTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 1:17-cv-00030 ) CHIEF JUDGE CRENSHAW |
| TONY PARKER, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner Complaint (Doc. No. 1) brought pursuant to 42 U.S.C. § 1983, and an Application to proceed in forma pauperis (Doc. Nos. 5, 11 and 13).[1]

Javon Webster is an inmate at the South Central Correctional Center in Clifton, Tennessee. It appears from his Applications that he lacks sufficient financial resources from which to pay the fee required to file the Complaint. Accordingly, Plaintiff's Applications are **GRANTED.** The Clerk shall file the Complaint in forma pauperis. 28 U.S.C. § 1915(a).

The Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

---

[1] The Plaintiff has filed two Motions (Doc. Nos. 4 and 10) to amend the Complaint by including the Applications to proceed in forma pauperis. By ruling on the Applications, the Court has rendered moot these Motions to amend. A third Motion (Doc. No. 12) to amend has been filed to replace an incorrect case number on Doc. No. 10. That Motion has likewise been rendered moot.

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

A fourth Motion (Doc. No. 14) seeks to amend the Complaint by adding "That the State Defendants have failed to disclose evidence by failing to provide (since Nov. 27, 2015, and all times until this present time) documentation regarding the incident, investigation, and all matters concerning No. 1:17-cv-00030. Respondents have purposely delayed disclosure, hindering Plaintiff's ability to timely and effectively litigate his claim." Plaintiff requests that the Court "intervene and prevent any further discovery delay from occurring."

At the initial stage of this litigation, the Defendants are exempt from the Plaintiff's requests for discovery. Rule 26(a)(1)(B)(iv), Fed. R. Civ. P. The Court finds, therefore, that the Plaintiff's proposed amendment would be futile. Where amendment of a complaint would be futile, leave to amend should not be granted. Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006). Accordingly, Plaintiff's fourth Motion (Doc. No. 14) to amend is **DENIED**.

The Plaintiff brings this action against Tony Parker, Commissioner of the Tennessee Department of Correction, Cherry Lindamood, former Warden of the South Central Correctional

Center, Corizon Medical Services, and ten members of the staff (f/n/u Pevahouse, Geneva Roberts, Rhonda Staggs, Leigh Staggs, CNS Paden, Jessica McElroy, Dr. Coble, Nurse Frank, Nurse McClain and Candace Murphy) at the South Central Correctional Center.

On November 27, 2015, the Plaintiff dislocated a finger on his left hand playing basketball. (Doc. No. 1 at 9.) The finger was x-rayed and placed in a splint. (Id.) Later, the Plaintiff was working as a cook in the prison kitchen. Because his finger had not healed properly, he dropped several cookie sheets on his right knee (June 7, 2016). Following the accident, Plaintiff's knee began to ache.

The Plaintiff filed several grievances related to the medical care he was receiving for these maladies. According to the Plaintiff, these grievances were either ignored or not taken seriously. (Id. at 2.) He now claims that the Defendants violated his right to adequate medical care that the defendants are liable for failing to investigate his grievances, and for punishing him in retaliation for the filing of grievances (the "5/13/16" incident). (Id.)

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The forty eight (48) page Complaint contains numerous references to medical care provided to the Plaintiff. Thus, at first blush, it does not appear that the Defendants were in any way deliberately indifferent to the Plaintiff's serious medical needs. However, the Plaintiff has alleged that he waited "in extreme pain" for up to four months before he was given medication for pain. (Doc. No. 1 at 15.) An inference of deliberate indifference may be drawn from this allegation. Boretti v. Wiscomb, 930 F.2d 1150, 1154 (6th Cir. 1991) (the suffering that arises from a denial of pain medication "may constitute cruel and unusual

3

punishment within the meaning of the Eighth Amendment"); *see also* Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976) (a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering). Therefore, the Court finds that the Plaintiff has stated a colorable claim for § 1983 relief. 28 U.S.C. § 1915A.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the Plaintiff has not spelled out in his Complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A Plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). He must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. Plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In the entire forty eight (48) page Complaint, there are no references made to the Defendants Geneva Roberts, Rhonda Staggs, Corizon Medical Services, Nurse Frank or Nurse McClain. There are no factual allegations offered from which the Court could liberally construe claims against these Defendants. None of these Defendants appear in any of the Plaintiff's exhibits. Accordingly, the claims against these Defendants are **DISMISSED**. 28 U.S.C. § 1915(e)(2).

The incident that took place on May 13, 2016 which was retaliatory in nature is not described in the Complaint. In fact, it is only mentioned in passing as an example of Plaintiff being punished in retaliation for the filing of grievances. (Doc. No. 1 at 2.) There are no allegations against any of the Defendants asserting that they retaliated against the Plaintiff for filing

grievances. Therefore, any claim of retaliation by the Plaintiff is conclusory in nature and is **DISMISSED**. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (plaintiff has failed to state a claim of retaliation when there has been no showing of an adverse action that would deter a person of ordinary firmness from continuing to engage in protected conduct).

The Plaintiff claims that the Defendants have failed to adequately respond to grievances and letters of complaint in violation of his constitutional rights. (Doc. No. 1 at 2.) In this regard, Defendants Pevahouse, Paden, McElroy, Dr. Coble and Murphy are not supervisory personnel with the authority to provide relief for a grievance. Therefore, this claim does not apply to them.

The remaining Defendants are supervisory personnel with the authority to grant or deny relief for a grievance.[2] A supervisory official may be liable under § 1983 if the plaintiff shows that the official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct off the offending officers." Miller v. Davis, 653 F. App'x 448, 458 (6th Cir. 2016) (quoting Phillips v. Roane Cty., 534 F.3d 531, 543 (6th Cir. 2008)). The supervisory officials did not do so for any of Dr. Coble's allegedly-unconstitutional behavior, and therefore the claims against them are dismissed with prejudice.

Plaintiff alleges that he filed several grievances that were reviewed by Sgt. Staggs. (Doc. No. 1 at 10, 11, 29 and 30.) He also sent letters to Commissioner Parker and Warden Lindamood requesting an investigation into his abusive treatment. (Id at 4, 5.) Supervisory liability under § 1983, however, cannot be based upon a mere failure to act. Active unconstitutional behavior is

---

[2] The remaining Defendants are Tony Parker, Commissioner of TDOC, Cherry Lindamood, former Warden at the South Central Correctional Center, and Sgt. Leigh Staggs, the Grievance Chairperson at the South Central Correctional Center.

needed. Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002). Likewise, § 1983 relief will not be granted against prison officials whose only involvement was the denial of administrative remedies. Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004); *see also* Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Liability cannot be based upon "simple awareness of employees'' misconduct." Leary v. Daeschner, 349 F.3d 888, 903 (6th Cir. 2003). A prisoner has no constitutional right to have his grievances responded to in a particular way. *See*, e.g. Hewitt v. Helms, 459 U.S. 460, 467 (1983); Walker v. Michigan Dept. Of Corrections, 128 Fed. Appx. 441, 445 (6th Cir. 2005); Argue v. Hofmeyer, 80 Fed. Appx. 427, 430 (6th Cir. 2003); Young v. Gundy, 30 Fed. Appx. 568, 569-70 (6th Cir. 2002). There are no allegations to suggest that Parker, Lindamood or Staggs were actively involved in any decisions affecting the Plaintiff's health care. Nor are there any allegations from which the Court could infer the existence of a policy that might adversely affect the Plaintiff's health care. Therefore, the claims against these Defendants (Parker, Lindamood, Pevahouse, L. Staggs, Paden, McElroy and Murphy) are **DISMISSED** as well. 28 U.S.C. § 1915(e)(2).

The sole colorable claim in the Complaint is Plaintiff's assertion that he was needlessly denied pain medication for an extended period of time. According to the Complaint and its exhibits, the Defendant, Dr. Coble, is the Plaintiff's physician at the prison. As such, he is responsible for prescribing and administering pain medication to the Plaintiff. (Doc. No. 1 at 10.) There are no allegations in the Complaint that any of the other Defendants had Plaintiff's pain medication but withheld it from him. For that reason, Dr. Coble will answer this claim.

Accordingly, the Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for Dr. Coble. The Plaintiff will complete the service packet and return it to

the Clerk's Office within twenty one (21) days of the date of receipt of this order.

Upon return of the service packet, **PROCESS SHALL ISSUE** to the defendant. The Plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

The Clerk is further directed to send a copy of this order to the Warden of the South Central Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

As a final matter, the Plaintiff has pending Motions for subpoena duces tecum (Doc. No. 2) (seeking production of his medical records and other documentation), emergency injunctive relief (Doc. No. 9) (seeking an order prohibiting his transfer and further deliberate indifference) and a preliminary injunction (Doc. No. 15) (seeking an order prohibiting further retaliation). Until the Defendant has had an opportunity to answer the Complaint, the Court deems these Motions to be premature. They are, therefore, **DENIED** at this time. The Plaintiff may renew his Motions at a later date should he deem it appropriate. This Memorandum and Order has rendered **MOOT** the Plaintiff's Motion (Doc. No. 16) to ascertain the status of case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE