UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

```
JAVON WEBSTER,                )
                              )
      Plaintiff               )
                              )   No. 1:17-0030
v.                            )   Chief Judge Crenshaw/Brown
                              )
DR. (f/n/u) COBLE,            )
                              )
      Defendant               )
```

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.**

## REPORT AND RECOMMENDATION

Presently pending are the Plaintiff's motions seeking reconsideration of the District Judge's order (Docket Entry 17) dismissing some of the Defendants in this matter (Docket Entry 24) and a motion for leave to amend the complaint to add as additional defendants Sergeants Gonzales and Truman (Docket Entry 25). For the reasons stated below the Magistrate Judge recommends that both of these motions be denied.

## BACKGROUND

After considerable difficulties the complaint, which the Plaintiff originally filed on March 29, 2017, was reviewed by Chief Judge Crenshaw in a memorandum and order (Docket Entry 17). Chief Judge Crenshaw allowed the Plaintiff's complaint to proceed against Dr. Coble over the Plaintiff's medical treatment. In a full review of the Plaintiff's complaint, Chief Judge Crenshaw dismissed the complaints against the Defendants Roberts, Staggs, Corizon Medical Services, Nurse Frank, and Nurse McClain because there were no factual allegations from which the Court could liberally construe

claims against these Defendants. Chief Judge Crenshaw pointed out that none of these Defendants appeared in any of the Plaintiff's exhibits and they were therefore dismissed (Docket Entry 17, p. 4).

Claims against the Defendants because of their handling or mishandling of grievances were dismissed because there is no constitutional right to a grievance procedure (Docket Entry 17, pp. 5 and 6). The sole remaining Defendant was Dr. Coble, who was the Plaintiff's physician at the prison.

After reviewing the Plaintiff's motion for reconsideration the Magistrate Judge finds that the Plaintiff has added nothing to the thorough analysis by Chief Judge Crenshaw on initial review and recommends that the motion for reconsideration be denied.

The Plaintiff, at the same time, filed a motion to add Sergeants Gonzales and Truman alleging the mishandling of his grievances (Docket Entry 25). Chief Judge Crenshaw has previously addressed the fact that there is no constitutional right to a grievance procedure, pointing out that 1983 relief will not be granted against prison officials whose only involvement was the denial of administrative remedies, citing *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Chief Judge Crenshaw also noted that a prisoner has no constitutional right to have his grievances responded to in a particular way, citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

The sole complaint Chief Judge Crenshaw allowed to proceed was the claim against Dr. Coble.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that both these motions be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 15th day of May, 2018.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge