# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| JAVON WEBSTER, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:17-cv-00030 |
|  | ) | CHIEF JUDGE CRENSHAW |
| DR. (f/n/u) COBLE, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge, recommending the Court deny Plaintiff's Motion for Reconsideration of the Court's October 31, 2017 Order dismissing certain defendants and deny Plaintiff's Motion for Leave to Amend the Complaint to add two additional defendants. (Doc. No. 29.) Plaintiff filed a Motion for Reconsideration of the Report and Recommendation, which the Court construes as timely objections. (Doc. No. 31.) For the following reasons, the objections are overruled and the Report and Recommendation is adopted.

On October 31, 2017, the Court reviewed the Complaint under 28 U.S.C. § 1915(e)(2)(B). Upon review, the Court dismissed five defendants who were never mentioned in the Complaint. (Doc. No. 17 at 4.) On the retaliation claims, the Court found that Plaintiff did not describe how Defendants retaliated against him, so the Court dismissed those claims. (Id. at 5.) The Court dismissed the claims against Dr. Coble's supervisory officials because they did not knowingly acquiesce in Dr. Coble's allegedly-unconstitutional behavior. (Id.) Last, the Court dismissed the claims against the defendants who denied his administrative grievances because there is no

constitutional right to have grievances responded to in a particular way. (Id. at 6.) Only the deliberate indifference to a serious medical need claim remains against Dr. Coble. (Id.)

Courts may reconsider interlocutory orders under Federal Rule of Civil Procedure 54(b). Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) (citing Mallory v .Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

Plaintiff first objects to the dismissal of Tony Parker and Cherry Lindamood, who reviewed his administrative grievances, for the same reason as previously raised. (Doc. No. 31 at 2.) As the Court previously stated, "§ 1983 relief will not be granted against prison officials whose only involvement was the denial of administrative remedies." (Doc. No. 17 at 6 (citing Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004))). This objection is overruled.

Plaintiff also objects in a conclusory fashion to the Court's dismissal of all of the other previously-dismissed defendants. (Doc. No. 31 at 3.) For the reasons stated in the Court's previous Order (Doc. No. 17), as outlined above, the Court does not find that it committed clear error and there is no need to prevent manifest injustice. Plaintiff will be able to proceed on his deliberate indifference to a serious medical need claim against Dr. Coble after he is served.

Accordingly, the Report and Recommendation (Doc. No. 29) is **ADOPTED**. Plaintiff's Motion for Reconsideration, construed as timely objections to the Report and Recommendation (Doc. No. 31), is **DENIED**. Plaintiff's Motion for Reconsideration of the Court's October 31, 2017 Order (Doc. No. 24) is **DENIED**. Plaintiff's Motion for Leave to Amend Complaint to Add 2

Additional Defendants (Doc. No. 25) is **DENIED**. This case is **RETURNED** to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE