# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JAVON WEBSTER, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 1:17-cv-00030 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| DR. (f/n/u) COBLE, | ) | BROWN |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 104) recommending the Court grant Defendant's Motion for Summary Judgment (Doc. No. 70) and dismiss the Complaint with prejudice. Plaintiff filed Objections to the Report and Recommendation (Doc. No. 113) and Defendant filed a response to Plaintiff's objections (Doc. No. 114).

After a *de novo* review, and for the following reasons, Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 70) is **GRANTED**.

## I. BACKGROUND

Plaintiff Javon Webster, an inmate at South Central Correctional Facility in Clifton Tennessee, filed this *pro se* action under 42 U.S.C. § 1983. Plaintiff asserts that Defendant Dr. Robert Coble denied him adequate medical care in violation of the Eighth Amendment. Defendant moved to dismiss Plaintiff's claim on grounds that Plaintiff failed to exhaust administrative remedies, the claim is barred by the one-year statute of limitations, and that

Plaintiff failed to submit evidence showing deliberate indifference to a serious medical need to establish a claim under the Eighth Amendment.

The Magistrate Judge found Plaintiff's efforts to comply with the established grievance procedures were sufficient and that his claim should not be dismissed based on failure to exhaust administrative remedies. The Magistrate Judge found claims that arose prior to March 24, 2016, are barred by the one-year statute of limitations applicable to Section 1983 actions in Tennessee; and that Plaintiff's claims were therefore limited to the time period March 24, 2016, to August 4, 2016 (Defendant's last date of employement). (Doc. No. 104 at 12 (*citing Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Although he concluded that Plaintiff's claims from December 2015 were time-barred, the Magistrate Judge nevertheless considered the merits of Plaintiff's allegations raised in both the December 2015 and June 2016 grievances and concluded that the record did not show evidence of an Eighth Amendment violation.

Plaintiff filed objections to the Report and Recommendation. The first two stated "objections" are not objections, as Plaintiff appears to agree with the conclusions of the Magistrate Judge. Plaintiff argues that his claim should not be dismissed for failure to exhaust administrative remedies. This is in accord with the recommendation of the Magistrate Judge that Plaintiff had sufficiently complied with the internal grievance process. Although two of Plaintiff's grievances were deemed "improperly filed" and not processed by the prison, the Magistrate Judge considered these rejected grievances sufficient for purposes of exhaustion of remedies and declined to dismiss Plaintiff's claims for failure to exhaust remedies. Plaintiff's second objection is that the statute of limitations does not bar his claims related to the June 2016 grievance. Again, this is in accord with the recommendation of the Magistrate Judge, finding that the claims related to the December 2015 were time-barred and that the "only applicable

claims against Defendant stems from Plaintiff's treatment following the incident where plaintiff injured his knee." The knee injury was raised in the June 2016 grievance which the Magistrate Judge found was not time-barred.

Only Plaintiff's third objection disagrees with the recommendation of the Magistrate Judge. Plaintiff argues that there are disputed issues of fact as to whether Defendant was deliberately indifferent toward his medical needs.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury

question. *Id.* The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers* 344 F.3d at 595.

### III. ANALYSIS

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012). A deliberate indifference claim against an individual actor has objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id.* A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamaoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). The subjective component requires a plaintiff to show that the prison official acted with "deliberate indifference" to a serious medical need. *Id.* An official is deliberately indifferent where the official is "aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference requires "a state more blameworthy than negligence." *Id.* (quoting *Farmer*, 511 U.S. at 835). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas* 537 F.2d 857, 860 n.5 (6th Cir. 1970).

Plaintiff complains that "Dr. Coble denied and waited several months to treat plaintiff [*sic*] serious medical needs on his finger; as well as denied plaintiff medications for his suffering and pain." (Pl. Objections, Doc. No. 113 at 11; *see also id*. at 17 ("Defendant waited several months before giving that Plaintiff any medical care, causing and leaving the Plaintiff in a painful and suffering conditions [*sic*].")).

Even viewing the facts in the light most favorable to Plaintiff, the record does not support Plaintiff's allegation that he was denied medical care, denied pain medication, or that he had to wait months for treatment. The record shows that Plaintiff was examined by Defendant and treated for his initial hand injury in November 2015.[1] (Doc. Nos. 70-3, 81-4). The x-ray showed no abnormalities and Plaintiff was prescribed ibuprofen 200 mg. (Doc. No. 70-3). When Plaintiff's hand did not improve, Defendant referred him for an orthopedic consultation and increased the prescribed dose of ibuprofen from 200 mg to 600 mg. On January 26, 2016, Plaintiff was seen by an orthopedic specialist who recommended a consultation with a hand surgeon. Plaintiff was evaluated by a hand surgeon on March 22, 2016, who opined that surgery was not necessary and recommended buddy taping the finger and continued treatment with NSAIDs. On June 6, 2016, Plaintiff reinjured his hand and injured his knee when he dropped several cookie sheets on his knee. (Doc. No. 81-6). Plaintiff was evaluated by Defendant on June 6 and 10, 2016, and prescribed ibuprofen 200 mg for pain. (*Id*.)

A review of Plaintiff's grievances shows that his complaints do not reflect a lack of medical care. (See Doc. Nos. 81-4, 81-6). Rather, the gravamen of Plaintiff's complaint

---

[1] The Court has considered Plaintiff's course of treatment beginning with the initial hand injury in November 2015. As stated above, claims arising prior to March 24, 2016, are barred by the statute of limitations. However, even absent the time bar, the Court finds that Plaintiff has failed to establish facts from which a reasonable juror could conclude Defendant acted with deliberate indifference to Plaintiff's medical needs.

5

concerns the sufficiency of his treatment – particularly access to pain medication. In December 2015, he filed a grievance requesting "a different doctor [and] pain meds for my left hand." (Doc. No. 81-4). The same grievance notes that Defendant prescribed ibuprofen 200 mg. (*Id.*) Plaintiff stated, "I told the doctor I needed pain meds and he (Dr. Coble) said the ibuprofen was all I would need right now." (*Id.*) In June 2016, Plaintiff complained that he was denied "proper medical treatment" and "proper pain medication." (Doc. No. 81-6). Plaintiff specifically complained that "certain pain medication was denied me [*sic*]." (*Id.*) He requested to be seen by a different doctor or for Dr. Coble to examine his other work-related injuries and "issue pain meds." (*Id.*) The June 2016 grievance also states that Defendant prescribed ibuprofen 200 mg for pain. (*Id.*) Plaintiff was referred for a consultation at Meharry Medical and later prescribed an increased dose of ibuprofen for pain. (*Id.*)

Plaintiff has presented no evidence from which a reasonable jury could conclude Defendant was deliberately indifferent to Plaintiff's medical needs. *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) ("[T]he plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw that inference, and that he then disregarded that risk.") "[A] desire for additional or different treatment does not by itself suffice to support an Eighth Amendment claim." *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017). Here, there is no evidence that Defendant intentionally denied or delayed access to medical care. The record shows that Plaintiff received medical attention and that his complaint pertains to the treatment prescribed. This is insufficient to establish a constitutional claim.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's Objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. No. 104) is **ADOPTED**. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 70) is **GRANTED**. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58. The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE